**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KEVIN SANCHEZ,

       Plaintiff,

v.                                                                                      No. CIV-06-1121 WJ/CEG

TOM HAVEL, ADMINISTRATOR, SAN JUAN
COUNTY DETENTION CENTER;
MAYA LAST NAME UNKNOWN,
ADMINISTRATOR MEDICAL DEPARTMENT
SAN JUAN COUNTY DETENTION CENTER;
DR. JOHN DOE, PHYSICIAN,
SAN JUAN COUNTY DETENTION CENTER;
CORRECTIONS MEDICAL SERVICES;
NEW MEXICO DEPARTMENT OF CORRECTIONS;
WEXFORD MEDICAL SERVICES;
CLIFF PHILLIPS DIRECTOR
WEXFORD MEDICAL SERVICES;
PHILIP BREEN REGIONAL DIRECTOR
WEXFORD MEDICAL SERVICES;
DEVENDRA SINGH: QUALITY ASSURANCE;
JACKIE CHAVES, ADMINISTRATOR,
WEXFORD MEDICAL SERVICES
CENTRAL NEW MEXICO CORRECTIONAL FACILITY,

       Defendants.

## MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. Also under consideration are Plaintiff's motions for appointment of counsel (Doc. 3), extension of time (Doc. 7), judgment against Defendants (Doc. 8), and free process (13). For the reasons below, certain of Plaintiff's claims will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under

§1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that when Plaintiff was first incarcerated he had prescriptions for certain medications.  Defendant Maya Last Name Unknown authorized changes of Plaintiff's prescribed medications, "opting for less expensive less effective therapies."  These changes, which were "adopted by both the SJCDC and the New Mexico Department of Corrections," have negatively affected Plaintiff's health.  Plaintiff claims that Defendants' actions have violated his rights under the Eighth Amendment.  The complaint seeks damages.

No relief can be granted on Plaintiff's claims against Defendant Department of Corrections.

> A cause of action under section 1983 requires the deprivation of a civil right by a "person" acting under color of state law. [Plaintiff] named as . . . defendant in this action the [Department of Corrections], an entity he concedes is an arm of the state. The Supreme Court held in *Will* that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  As we explained in *Harris*, "a governmental entity that is an arm of the state for Eleventh Amendment purposes" is not a "person" for section 1983 purposes.  Having sued only the [Department] . . . , [Plaintiff] has failed to state a claim against a person covered by section 1983."

*McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Harris v. Champion*, 51 F.3d 901, 905-06

(10th Cir. 1995)). The Court will dismiss Plaintiff's claims against Defendant Department of Corrections.

Plaintiff's allegations do not support claims against Defendants Dr. John Doe, Corrections Medical Services, Wexford, Phillips, Breen, Singh, and Chaves. Without other factual allegations, Plaintiff asserts that these Defendants are "responsible for the gross negligence demonstrated in allowing plaintiff's condition to deteriorate." The complaint thus fails to affirmatively link these Defendants to the various violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of subordinates. *See id.* The Court will dismiss Plaintiff's claims against Defendants Dr. John Doe, Corrections Medical Services, Wexford, Phillips, Breen, Singh, and Chaves.

Factors the Court weighs when considering a motion for appointment of counsel in a civil rights case include " 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.' " *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors, and Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). The Court will deny the motion for appointment of counsel.

Plaintiff's motions for extension of time and for judgment against Defendants will be denied.

There is not a time limit on motions for appointment of counsel, and Plaintiff provides no grounds for entry of judgment at this time. Plaintiff has already been granted leave to proceed in forma pauperis, and thus his motion for free process will be denied as moot.

IT IS THEREFORE ORDERED that Plaintiff's motions for appointment of counsel (Doc. 3), for extension of time (Doc. 7), and for judgment against Defendants (Doc. 8) are DENIED at this time; the motion for free process (Doc. 13) is DENIED as moot;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Department of Corrections are DISMISSED with prejudice; Plaintiff's claims against Defendants Dr. John Doe, Corrections Medical Services, Wexford Medical Services, Phillips, Breen, Singh, and Chaves are DISMISSED without prejudice; and Defendants Dr. John Doe, Corrections Medical Services, Wexford Medical Services, Phillips, Breen, Singh, and Chaves are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Havel and Maya Last Name Unknown Medical Administrator.

_____
UNITED STATES DISTRICT JUDGE