IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


KEVIN SANCHEZ,

       Plaintiff,

v.                                                        No. CIV 06-1121 WJ/CEG

TOM HAVEL, Administrator, San Juan
County Detention Center; MAYA LAST
NAME UNKNOWN, Administrator, Medical
Department San Juan County Detention Center,

       Defendants.


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Defendant Tom Havel's (Havel) motion for summary judgment and Defendant Mya Donaldson's (Donaldson) motion for summary judgment, as well as several motions filed by the Plaintiff, Kevin Sanchez (Sanchez).[1] Sanchez is proceeding pro se and has brought this civil rights action under 42 U.S.C. § 1983. His Civil Rights Complaint alleges that Defendants' medical negligence has violated his rights under the Eighth Amendment. *See Doc. 1* at 3. Because Sanchez's claims are barred under the doctrines of claim and issue preclusion, I recommend that the Defendants' motions for summary judgment be granted and that this case be dismissed with prejudice.[2]

---

[1] The County of San Juan, although appearing on the docket, was never a named party in these proceedings. Its name has been stricken from the docket.

[2] The Tenth Circuit has stated that it prefers the term claim preclusion rather than res judicata. *See Plotner v. AT&T Corp.*, 224 F.3d 1161, 1168, n.2 (10th Cir. 2000). Similarly, modern usage calls for the term issue preclusion in place collateral estoppel. *See Kircher v. Putnam Funds Trust*, 126 S.Ct. 2145, 2157, n.14 (2006). Accordingly, I will use the terms claim and issue preclusion.

I.  Background

On May 3, 2006, Sanchez filed a lawsuit in state district court under the New Mexico Tort Claims Act against Havel and Correctional Healthcare Management, alleging "negligence resulting in false imprisonment" and medical negligence resulting in injury (hereinafter *Sanchez I*).  *See Doc. 26* at Ex. A.  Defendants moved for summary judgment in *Sanchez I*, asserting that Sanchez's claims were barred under the applicable statute of limitations and because he failed to provide notice as required by the New Mexico Tort Claims Act.  *Id*.  On November 7, 2006, the court granted summary judgment and dismissed all of Sanchez's claims with prejudice.  *Id.* at Ex. C.  Nine days later, Sanchez filed his Civil Rights Complaint in federal court (hereinafter *Sanchez II*).  *See Doc. 1*.

The factual allegations in *Sanchez II* are nearly identical to those contained in *Sanchez I*.  In both suits, Sanchez alleges that upon being incarcerated at the San Juan County Detention Center, his prescribed medication was changed for a less expensive therapy and, as a result, he suffered injury.  *See Doc. 1*; *Doc. 27* at Ex. A.  Early on in *Sanchez II*, Judge Johnson dismissed the majority of the parties named by Sanchez because his allegations did "not support claims against" those Defendants.  *Doc. 18*.  Sanchez appealed this decision to the Tenth Circuit, but his appeal was dismissed for lack of appellate jurisdiction.  *See Doc. 45*.  Thereafter, Sanchez filed three motions for summary judgment, as well as several other motions, which I will address below.  *See Docs. 22, 48, 50, 52, 55*.

II.  Summary Judgment Standard

The Court may grant summary judgement, under Rule 56(c) of the Federal Rules of Civil Procedure, if the pleadings, depositions, answers to interrogatories and admissions or affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law. The opposing party must be given notice and an opportunity to respond, as provided in Rule 56. *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

Defendants carry the burden of establishing that there is no genuine issue of material fact for trial and may satisfy the burden by showing an absence of evidence to support the Plaintiff's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movants meet their burden, the burden shifts to the plaintiff to demonstrate a genuine issue for trial on a material matter. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The party opposing the motion may not rest on pleadings, mere argument, or contention but must set forth specific facts through admissible evidence, showing there is a genuine issue for trial as to those dispositive matters for which he carries the burden of proof. If he cannot make such a showing, summary judgment is appropriate. *See Celotex*, 477 U.S. at 324.

### III. Analysis

The "full faith and credit" statute requires that a federal court give a state court judgment the same preclusive effect as the judgment would be given in the state court from which it issued. 28 U.S.C. § 1738; *see also Strickland v. City of Albuquerque*, 130 F.3d 1408, 1411 (10th Cir. 1997). This Court must give the order of dismissal with prejudice issued by the Eleventh Judicial District Court the same preclusive effect it would be given in New Mexico state court. *Id.* Therefore, the preclusive effect of a state court judgment in a subsequent § 1983 action in federal court is determined by state law. *See Jarrett v. Gramling*, 841 F.2d 354, 356 (10th Cir. 1988).

### Havel's Preclusion Claim

Havel argues that the doctrine of claim preclusion, or res judicata, bars Sanchez's suit in

federal court.³ I agree. The doctrine of claim preclusion "bars litigation of claims that were or could have been advanced in an earlier proceedings."⁴ *State ex rel. Martinez v. Kerr-McGee Corp.*, 898 P.2d 1256, 1259 (N.M. Ct. App. 1995). It only applies to final judgments adjudicated on the merits. *See Rangel v. Save Mart, Inc.*, 142 P.3d 983, 992 (N.M. Ct. App. 2006). Under New Mexico law, there are four requisite elements for claim preclusion: (i) the same parties or parties in privity, (ii) the same capacity or character of the persons for or against whom the claim is made, (iii) the same subject matter, and (iv) the same cause of action in both suits. *See Myers v. Olson*, 676 P.2d 822, 824 (N.M. 1984); *State ex rel. San Miguel BCC v. Williams*, 155 P.3d 761, 768 (N.M. Ct. App. 2007).

Here, the state court decision constitutes a final decision on the merits. Generally speaking, New Mexico courts have held "that a dismissal with prejudice is an adjudication on the merits for purposes of res judicata." *Hope Comm. Ditch Ass'n v. New Mexico State Engineer*, 105 P.3d 314, 317 (N.M. Ct. App. 2004). Summary judgment is a final judgment for claim preclusion purposes. *See Campos v. Brown Const. Co.*, 515 P.2d 1288, 1290 (N.M. Ct. App 1973). In addition, a dismissal on statute of limitations grounds is also a final judgment for claim preclusion purposes. *See DeVargas v. Montoya*, 796 F.2d 1245, 1249-50 (10th Cir. 1986), *overruled in other respects, Newcomb v. Ingle*, 827 F.2d 675 (10th Cir.1987); *Murphy v. Klein Tools, Inc.*, 935 F.2d 1127, 1128 (10th Cir. 1991).

In Havel's case, all four claim preclusion elements are present. The parties in both suits

---

³ At the outset, I note that Havel also appears to be arguing for summary judgment under the doctrine of issue preclusion, but cites no law to support his claim. *See Doc. 26* at 1, 3. Because I find his claim preclusion argument to be meritorious, I will not address issue preclusion.

⁴ Havel has the burden of establishing claim preclusion. *See Anaya v. City of Albuquerque*, 924 P.2d 735, 737 (N.M. Ct. App. 1996).

are the same and Havel is being sued in the same capacity or character.  The subject matter is also the same: a change in prescription, which amounts to medical malpractice, resulted in injury.  Lastly, the cause of action is the same.  For claim preclusion purposes, a cause of action is identical if the facts alleged in support of the claims arise out of the same transaction or series of transactions.  *See Strickland*, 130 F.2d at 1411.  As explained *supra*, *Sanchez I* and *Sanchez II* allege nearly identical facts arising out of same incident.

In sum, Sanchez has shown no barrier to the joinder of his § 1983 claims in the state court action.  The state court would have had subject matter jurisdiction over the § 1983 claims.  *See Martinez v. California*, 444 U.S. 277, 283, n.7 (1980); *Strickland*, 130 F.3d at 1412.  "Section 1983 . . . does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on . . . state claims and then turn to federal court for adjudication of . . . federal claims. . . . Although such a division may seem attractive from a plaintiff's perspective, it is not the system established by § 1738."  *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 84-85 (1983).

Donaldson's Preclusion Claim

Donaldson alleges that Sanchez's claims are barred by either claim preclusion or issue preclusion.  As noted above, in order for the doctrine of claim preclusion to apply, the same parties or parties in privity must be present.  *See Myers*, 676 P.2d at 824.  Donaldson was not a party in *Sanchez I*.  In addition, Donaldson has not alleged that she was privy to any of the parties in *Sanchez I* and has not cited to caselaw to support a privity argument.[5]  Accordingly, in Donaldson's case, I cannot find the doctrine of claim preclusion applicable.

---

[5] A person in privity with another is a person so identified in interest with another that he represents the same legal right.  *See Bentz v. Peterson*, 762 P.2d 259, 262 (N.M. Ct. App 1988).

The doctrine of issue preclusion, however, is applicable. The doctrine of issue preclusion may be applied when a defendant seeks to preclude a plaintiff from relitigating an issue the plaintiff has previously litigated and lost, regardless of whether defendant was privy to the prior suit. *See Silva v. State*, 745 P.2d 380, 384 (N.M. 1987). In order for issue preclusion or collateral estoppel to apply, the following elements must be present: (i) the party against whom the preclusion is asserted must be the same party or be in privity with the party to the original action, (ii) the subject matter or the cause of action in the two suits must be different, (iii) the ultimate facts or issues must have been actually litigated, and (iv) the issue must have been necessarily determined. *See State v. Bishop*, 832 P.2d 793, 795 (N.M. Ct. App.1992).[6]

Here, the first element is met because the party against whom the doctrine is invoked, Sanchez, was a party in the state court litigation. *See Rosette, Inc. v. United States Dept. of Interior*, — P.3d — , 2007 WL 3051828 at *11 (N.M. Ct. App. 2007). The second element is also met. *Sanchez II* involves a civil rights claim under 42 U.S.C. § 1983, whereas *Sanchez I* involved a claim of medical negligence resulting in injury under the New Mexico Tort Claims Act. Likewise, the third and fourth elements are met because, as explained above, Sanchez's claims in state court were dismissed with prejudice. *See DeVargas*, 796 F.2d at 1249-50; *Divine Church of God and Christ v. Taxation and Revenue Dept.*, 116 F.3d 1489, 1997 WL 355326 at *1 (10th Cir. June 27, 1997) (holding that a state court statute of limitations dismissal constitutes a final adjudication for issue preclusion purposes). Sanchez also had a full and fair opportunity to argue his claims. *See Brantley Farms v. Carlsbad Irr. Dist.*, 954 P.2d 763, 768 (N.M. Ct. App. 1998). This is evidenced by his response to Havel's motion for summary judgment in

---

[6] Donaldson has the burden of establishing issue preclusion. *See Rex, Inc. v. Manufactured Housing Committee for the State of New Mexico*, 80 P.3d 470, 473 (N.M. Ct. App. 2003).

*Sanchez I.  See Doc. 26* at Ex. B; *www.nmcourts.com/caselookup (No. D-1116-CV-200600562).*

The purpose of issue preclusion "is to aid finality of judgments by preventing parties from endlessly relitigating the same issues under the guise of different causes of action." *Adams v. United Steelworks of America, AFL-CIO, et al.,* 640 P.2d 475, 479 (N.M. 1982).  Sanchez is attempting to relitigate issues already determined by the state court.[7]  Therefore, I recommend that Donaldson's motion for summary judgment be granted.

### Sanchez's Pending Motions

Sanchez filed three partial motions for summary judgment.  *See Docs. 48, 50, 52*.   In all three motions, Sanchez argues that summary judgment is proper because "Defendants were to satisfy all of Plaintiff's claims by June 15th."  *Doc. 48*.   Sanchez is confused by the tolling Order filed by the Tenth Circuit on May 15, 2007, which states: "If a district court order containing a final judgment under Rule 54(b) *or* a final dispositive adjudication is not file [*sic*] within 30 days of the above date, this appeal may be dismissed."  *Doc. 36*.  The tolling Order related only to the jurisdiction of Sanchez's appeal.  *See Doc. 45*.  In light of this, I recommend that Sanchez's two partial motions for summary judgment be denied.

Sanchez has also filed a motion for discovery.  *See Doc. 55*.  Given my recommendation that Defendants' motions for summary judgment be granted, I recommend the motion for discovery be denied.  Lastly, Sanchez filed a motion for order against Dr. Hynn of Wexford Medical Services.  *See Doc. 22*.  This motion should be denied as moot because Sanchez's claims against Wexford Medical Services have been dismissed.  *See Doc. 18*.

---

[7] As Havel argued in his reply brief in *Sanchez I:* "the basis of the Motion for Summary Judgment in regard to the federal claims was that the three year statute of limitations had expired, and in regard to the State claim, that the two year statute of limitations had expired." *Doc. 28* at Ex. B.

Wherefore,

IT IS HEREBY RECOMMENDED THAT:

1) Havel's motion for summary judgment (*Doc. 26*) be granted;

2) Donaldson's motion for summary judgment (*Doc. 38*) be granted;

3) Sanchez's motions for summary judgment (*Docs. 48, 50, 52)* and motion for discovery (*Doc. 55*) be denied;

4) Sanchez's motion for order (*Doc. 22*) be denied as moot; and

5) this cause be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE